Good morning. Good morning, your honors. The council may have pleased the court. Aaron Sanders here on behalf of the appellant, Bancservices International, the defendant, and the underlying action sometimes referred to as BSI. We are here on a case to review, an unusual case where judgment on the pleadings was granted in favor of a plaintiff on their complaint for affirmative relief on a claim of breach of contract. We believe the district court's judgment misapplied the standard governing motions for judgment on the pleadings in at least two respects. I'll get to these in more detail, but to state them summarily in the beginning here, we first believe the district court erred in dismissing our affirmative defenses, and second, we believe the district court improperly decided an issue of fact in ruling on Dinosaur's affirmative elements on its claim for their element that they performed under the contract. The first issue is with respect to the affirmative defenses. Because the standard for judgment on the pleadings requires that affirmative defenses be accepted as true, a properly pled affirmative defense will normally bar judgment on the pleadings in favor of a plaintiff. In this case, we set forth several affirmative defenses. There's no dispute from Dinosaur that those affirmative defenses, if properly pled and ultimately proven, would preclude their ability to receive judgment in their favor on their breach of contract claim. Council, was fraud one of the affirmative defenses? One of our affirmative defenses was a stopple, your honor, which is a form of fraud, a misrepresentation. Yes, your honor. But fraud in the inducement was not pled in the answer. Was it pled in the counterclaim? Fraud in the inducement was not pled in the answer as an affirmative defense, but we did plead fraud in the counterclaim. Yes, I know, but did you put fraud fraud in the inducement as a specific subset of fraud? Was it pled? No, it was not pled as an affirmative defense, only as a counterclaim, your honor. So any fraud recovery would be a setoff and not a defense. Do you agree with that? I believe that the court can consider under Rule 8c2 counterclaim as an affirmative defense. I believe that in ruling on the judgment on the pleadings in this case, the district court did consider the allegations that were pled in not just the complaint and answer, but also the counterclaim. So I would submit that our allegations in the counterclaim, which did include fraud, can be considered as affirmative defenses in this case. The district court in this case relied upon the standard governing 12b6 motions to dismiss in ruling that our affirmative defenses did not preclude judgment in Dinosaur's favor. The district court cited the Kastner decision, which again applied the 12b6 motion set forth under Twombly and Iqbal. Those are the 2007 and 2009 Supreme Court decisions, which set forth the standard governing the sufficiency of allegations in a complaint. Those decisions found that you have to set forth a plausible set of facts that would allow a court to find liability. The issue before this court... Counsel, I want to ask you about the Rule 54b certification and specifically checking the docket, we noticed that I believe there's a motion to now pending in the district court. It happened very recently within the last month or so. What is the effect of any on that particular voluntary motion to dismiss on the Rule 54b certification, which I understand need to be challenging? Yes, your honor. Our second point on appeal here was challenging the certification. We did file a voluntary dismissal about I think three or four weeks ago, your honor, and we would concede that that makes our second point on appeal moot. In other words, the certification issue we believe is no longer... We have no good faith argument to be able to present that the certification argument remains a point on appeal before this court, given our voluntary dismissal. Thank you. I was wondering about that. Thanks. The affirmative... Following up, does that also moot the argument that the dismissal of your initial dismissal of the counterclaim and affirmative defenses could be could be raised on appeal of the final order? I don't believe so, your honor. What was pending before the district court and what's before this court for review was the complaint, the answer, and the counterclaim at that time. I believe that the voluntary dismissal affects the certification in the sense that our issue of certifying a judgment on one issue as opposed to the other one, we can no longer present that to this court, but our challenge to the underlying judgment on the pleadings I believe remains a valid appeal to this court, regardless of whether or not that appeal was taken under Rule 54 or was taken now after a voluntary dismissal. I believe that on the pleadings is still right for this court to review. The affirmative defenses... I don't think you understood me. Your argument about multiplicity of appeals, which is always of interest to us, included the observation or our assertion that you can appeal from the dismissal of your affirmative defenses when the final order issues, regardless of what happens on this appeal. Is that now moot? I don't believe our appeal of the dismissal of the affirmative defenses is moot. No, your honor. The only thing that is moot is the certification issue of Rule 54. Under Rule 54, the judgment that the district court entered in December that she then certified in April of 2020 as final is still something that can be appealed to this court. The affirmative defenses dismissed by the district court in this case, from our research, this is an issue of first impression for this court. That is whether or not the standards set forth in Chwampli and Eqbal apply to affirmative defenses. From our research, we've seen no Eighth Circuit case that has decided this issue. We're aware of only one circuit decision in this country that has decided this issue. That is the second district in the GEOMC versus Calamari case. And in that case, the court stressed a context-specific analysis. And in that case, the affirmative defenses were set forth in the answer to the pendency claim that was filed years after the lawsuit originated. And under those circumstances, the court found that those defenses should have been pled with something more than just a bare assertion. The district courts in the Eighth Circuit, we cited to a that have found that the Chwampli standard does not apply, should not apply to the pleading of affirmative defenses. We cited the Arbogast decision, Swinter and Lasser case. The Lasser case, I believe, is particularly on point in this case. That's a Minnesota district court opinion. And in that case, the plaintiff filed a claim for declaratory action and the defendant filed summarily affirmative defenses, including conclusory allegations of estoppel, duress, latches, release, and waiver. The court there denied a judgment on the pleadings on the basis that those affirmative defenses precluded the judgment because they must be taken as true. We believe that this court should not apply Chwampli to affirmative defenses. First, Chwampli was decided under Rule 8A, which requires a short and plain statement of the claim. In contrast, Rule 8B for defenses requires only defenses to be pled in short and plain terms as opposed to a statement. This makes sense that the defendant isn't given as much time to investigate and develop those affirmative defenses and should be given a chance and conduct discovery to do so. This is also the standard that prior to Chwampli was set forth by this court in the case of Zotos. And in that case, this court found that the bare assertion of an affirmative defense was sufficiently pled. And I will say with our counterclaim, we do believe that the allegations in our counterclaim do support our affirmative defenses, even if Chwampli were to apply. We believe that we pled fraud in this case that could support our affirmative defense of estoppel. Going into the facts briefly of this case, this case involved a international transfer of money whereby a Thailand company was going to purchase a cargo shipment of potential issues under OFAC and FCPA. And in this case, we were led to believe from the information provided to us by Dinosaur that this shipment of oil that had an attachment placed on it by a Curaçao court was to be lifted through a sale transfer to go through an escrow agent to Jesus and to Jesus. We've subsequently learned that the Curaçao court contemplated a different escrow agent. And had we had that information, we believe they misrepresented those circumstances to us. And had we had that information, this transaction would have not been consummated. And we believe those facts support our allegations for affirmative defense of estoppel, also fraud, also a prior material breach of the contract. In short, these defenses are more than just an excuse for us to have the opportunity to develop these in discovery and investigate these claims and present them and challenge those in a motion for summary judgment. Something that we feel is important that we have not had the opportunity to do in this case. Yeah, so before you move on, I wanted to ask you about, there's various letters that were attached, I think to, let me see my notes, were attached to the answer to the counterclaim. Dinosaur had they purport to explain what happened here. Does bank services admit that those documents and letters are authentic? Your honor, we never denied that those were authentic to the district court. I can't deny here today that those are not authentic. But what I will assert is that those documents, as you suggested, were attached to the answer to our counterclaim. We had no opportunity to the effect that those documents would have any sort of an effect on the dinosaur's claim, that they proved their claim. We denied that. We still deny that. I think what's important here is those documents in a summary judgment proceeding, we could put forth additional evidence to say why those documents aren't necessarily sufficient to give dinosaur relief or aren't sufficient enough to preclude our affirmative defenses. And I think that's exactly what happened here. Document 17, which is that appendix 75 before this court, was the October 30th payment instruction to my client. That included several documents for supporting documents. One of those, several of those documents, actually, those supporting documents were written in Dutch. So it's unclear to us how the district court did or did not translate those. Regardless, we didn't have an that we believe we do have that shows that despite those documents, there is additional material information that was not provided to my client. So in short, I'll save the rest of my time for reply, Your Honors, unless there are further questions. Very good. Mr. Scholl for Dinosaur Merchant Bank, and we ask that you affirm the well-reasoned judgment below. Dinosaur and Bank Services, Bank Services contracted with Dinosaur to transmit funds on behalf of Dinosaur. The contractor in the IPSA, which the contract has been admitted, is conceded, set forth the fees. Bank Services accepted a payment request from Dinosaur to Bank Services. Effort failed to transfer the funds, failed to transmit the funds, and then Bank Services refused to return $3.4 million back to Dinosaur, money that Dinosaur had sent to Bank Services. Dinosaur immediately rejected Bank Services' stated reasons for keeping the money and demanded its money back. Bank Services refused, and within a few months, Dinosaur sued. Based upon the contract documents attached and part of the pleadings, Bank Services' written refusal, Dinosaur's demand, all of which were exhibits during the pleading stage and none of which the authenticity has been disputed, granted judgment on the pleadings. Now, I want to turn first to the court's question about what the status might be of an appeal from this final order or if the judge grants the application to dismiss the counterclaim that has been requested by the plaintiffs. Going back to the context of the judge's decision on judgment on the pleadings, when the judge granted that, Bank Services asked for permission to re-argue and to file amended counterclaim. They specifically said they were not challenging at that point or wished to amend or respond to the court's decision on the contract claim. At no point in the judgment on the pleadings did the Bank Services ever try to give any sort of flesh to the bone of just citing labels, which is all it ever did for purposes of the affirmative defenses, just the labels. And I'm going to turn to that now. Bank Services asserts that because it's answered the counterclaim to the complaint, listed the generic labels of some affirmative defenses, that a judgment on the pleadings motion could never be successful. But a rule that the formulistic listing of labels of affirmative defenses is an absolute bar to judgment on the pleadings has never been the law. Perhaps affirmative defenses might bar judgment on the pleadings in certain situations if the affirmative defenses provide fair notice of a viable defense. Counsel, I'm not sure, but I think you might be overreaching a little bit when you say that it's an absolute bar. I think that's not what your opponents argue. I think, for example, you could have a situation in which an affirmative defense is pleaded, but it's insufficient as a matter of law. Even if you prove the affirmative defense, it's insufficient as a matter of law. I don't understand Bank Services to be bringing those types. I mean, we have waiver, we have estoppel, we have various others that could be potentially sufficient as a matter of law if they are proven. So I guess I'm taking issue with the absolute bar language you're using. Well, that was more of an introduction. But if proven, you have to give not just the label, but the basis. And the pleadings by Bank Services, as well as its response to the motion that Dinosaur made, never give the legal basis, even, for this. Now, as Judge Kreitz-Leone determined in going through that. Counsel, first of all, I gather there's no case that addresses this 8B and Twombly issue. What case would say that labels in affirmative defenses can be disregarded in a 12C judgment on the pleadings motion? I wouldn't say disregarded. Well, she threw them out as bare pleadings, and that's disregarding in a judgment on the pleadings. Judgment on the pleadings is supposed to include the counterclaims. It's not a 12B-6. Well, to be fair, on the counterclaims, when the judge decided the 12C motion, as the counterclaims were originally pleaded, the court went through all that and showed how they would not upset a breach of contract claim. When Bank Services came back after that, they then asked to file a new counterclaims, but they did not ask to re-argue based upon moving to amend the counterclaims. The judge's decision on... I was asking you for 12C authority that the affirmative defenses that the court thinks are bare pleadings can be disregarded by dismissal in a 12C ruling. Well, no, the point being is just like a party can move to strike a affirmative defense as being inadequately pleaded. Not very often. No, but they can. Did you do it? Well, it's part of the basis of the motion that the... for judgment on the pleadings on the breach of contract claim. Let's focus on that. Whether or not there was a clear breach of contract. Now, the second question is whether or not these affirmative defenses would upset a breach of contract... Counselor, you're going on with your argument and disregarding my question, which was for a 12C authority that addresses this issue. If you don't have any, say so, and then continue with the argument. I always say I don't. There are a number of cases out there. The district, the circuits are split, the district courts are split, but I have decided... I'm asking you to point me to cases so I don't have to dig like a pig looking for a truffle for authorities that help you. The authorities that help me, some of which, well, I would say the Second Circuit case in two affirmative defenses helps me. I would point to the fact that when you have those situations, the court can look and... well, many... district courts are split on whether or not an affirmative defense has to reach the Iqbal and Twombly standard of plausibility in terms of pleading. Well, let me ask you this. So there's a very, in my opinion, a very well done opinion by Judge Schiltz from the District of Minnesota, where he talks about the difference in federal rule dealing with the 882. So it says you have to... a short and plain statement of the claim showing that the pleader is entitled to relief. And then the difference in the language in 8C1, which says only that it has to be, quote, affirmatively stated. Isn't that difference in language pretty significant? There's nowhere on affirmative defenses that you need to show, for example, that the pleader is entitled to relief. All right. First of all, if you talk about the Lasser case, the Lasser case, is that the one that you're talking about from Minnesota? It's actually the Wells Fargo case. It's 750 F sub second 1049. All right. These cases... Rule 8 is as follows. Rule 8 has 8C, which is certainly you have to affirmatively state the affirmed defense. And if that was the only language in Rule 8 that applied to defenses, then yes, the judge would have a point. But you have to go look at Rule 8B, which says that all defenses require that short and plain statement, which exists not just simply for stating claims but also for jurisdiction. The rule has the language short and plain in multiple places. Our position is that to have a plain statement, you have to give some flesh of what the legal theory is. You have to... And that's... In fact, you don't even have to apply Iqbal and Twombly to affirmative defenses. Under the older standard of fair notice, labels were never considered to be sufficient. You had to give a basis. So let's take the waiver. What was waived? In the answer, bank services says waiver. They don't say what was waived. They say latches on a complaint that was filed within a couple of months after this all happened. What's the basis? Legal basis. Put aside factual basis. What's the legal basis for saying latches? What's the fair notice there? Take estoppel. Well, Missouri law basically says, in terms of equitable defenses, that equitable defenses aren't a defense to breach of contract. But what was estopped? And you got to give some sort of legal theory. Now, it may be true. This sounds, though, a little less like an Iqbal-Twombly theory because Iqbal-Twombly was based, at least in part, on the language showing that the pleader is entitled to relief. This is more of a going back to the basic pleading standard. They got to provide us some notice of what the basis for the claim is. Am I right about that? I agree with you, your honor, that we don't have to, you don't have to adopt Iqbal-Twombly for Dinosaur to win this case. The judge went through it in great detail. I mean, she cited Missouri cases, say, for example, unclean hands. That was one of the affirmed defenses. Unclean hands is not a defense, affirmative or otherwise, to a breach of contract action. It is only, the equitable defenses are only a defense if the plaintiff is seeking equitable relief. Well, we're seeking basically, we sought basically, we pleaded, we wanted our money back. Three and a half billion dollars that the bank services had no basis under the contract to hold. That's a legal remedy. So all the defenses, failure to state a claim, which is not really an affirmative defense, but all the defenses don't defeat a finding of breach of contract. Now, in terms of the cases, and they tell you, you have to be sensitive to the context. If this was a big conglomerate, all right, bank services, and something happened, something got this lawsuit out of the blue. Of course, you might not, in 21 days, be able to figure out all your defenses. You might have to use at least something of labels. You might, but this is not that case. Bank services is a small company. Its head, its control person wrote the letter saying, we're not giving you back your money. Dinosaur responded immediately to that control person saying, we reject that. We want their money back. It's not, if there was a waiver under the contract, they would be able to assert what was waived. If there was a stopper, to this day, in the counterclaim itself, bank services has never been able to state why it failed, why the money was never able to be transmitted. They have affirmatively stated in that amended counterclaim. They don't know why they couldn't get the money through. Counsel, let me ask you this. Would fraud in the inducement of a transaction be a defense to the contract claim? I don't. Unless it was some sort of theory that said what was it for. You have the record in front of you. When I say record, I mean the attachments to the pleadings. It showed all the documentary information, underlying documents. Bank services. We should rule on that as a matter of law is what I hear your answer is. So you don't have to answer the question. What I'm saying to you is that bank services didn't have to take the payment request if they didn't want to go forward with it. They seem to say, oh, there's Dutch documents. If they didn't like the Dutch documents, they were not obligated to do anything other than to say we don't want to transfer this. They were prepared to do it. There is nothing to suggest fraud. There is no theory upon it other than that for some reason they couldn't consummate the transaction. My time is about to expire. Unless there's any other questions, I thank you. For the opportunity to speak to you. And I ask that you confirm the judgment. Very good. Thank you. Mr. Sanders, you have some time. Yes. Yes, your honor. Judge Loken, first to address your question about 12C cases. I'm not aware of any 12C cases, but I would point out that counsel cited the GEOMC case. That's the second circuit case that I cited. That was not a 12C motion case. That was a motion to strike case. As you suggested, Dinosaur did not file a motion to strike in this case. Most of these cases that we've cited, we've cited to a number of cases on page nine of our reply brief, 10 plus cases in footnote two, all of which would say that bare assertions of affirmative defenses are sufficient. Most of the time, as your honor suggested, these are taken up in motions to strike. And in the occasions where the court does find that the affirmative defense is not sufficiently pled, the pleader is given an opportunity to replead those or to do discovery to elaborate on those defenses. We weren't given that opportunity in this case. We did put forth several affirmative defenses that are valid affirmative defenses to a breach of contract claim. They're legal, estoppel, waiver. Those do apply to legal remedies such as breach of contract. Our counterclaim also can be construed under rule 8C as an affirmative defense for prior material breach for fraud and the inducement. We believe that those are all affirmative defenses that precluded judgment on the pleadings in this case. They should have been challenged in a rule 56 motion for summary judgment where we could have put forth documents to challenge the documents that Dinosaur submitted to ask the court for time for discovery. We weren't given any of those opportunities. And your honors, we're just, my time's up here. We would ask the court to reverse. If we end up losing on this, then maybe we lose, but this should be done on a summary judgment proceeding. We would ask the court to reverse the judgment and give us that opportunity, give us that day in court. Thank you for your time, your honors. Thank you, counsel. It's a complex case and both of you have done an excellent job of making the oral argument helpful and efficient, let me put it. You've covered the points quickly and effectively, and we appreciate that. And we take the case under advice. Thank you, your honor.